## Frank Hughes v. The State.

### No. 615.  Decided May 18, 1910.

**Injuring Public Property—Information—Public Use—Statutes Construed.**

In a prosecution under article. 500, Penal Code, for unlawfully injuring certain property, to wit, the Colorado High School building, where the information failed to allege that such building was held for public use, it not being specifically named in said article, the same was insufficient. Following Brown v. State, 16 Texas Crim. App., 245, and other cases.

Appeal from the County Court of Mitchell. Tried below before the Hon. A. J. Coe.

Appeal from a conviction of unlawfully injuring public property; penalty, a fine of $25.

The opinion states the case.

*W. B. Crockett,* for appellant.—Cited Thurston v. State, 125 S. W. Rep., 31; Lewis v. State, 52 Texas Crim. Rep., 7, 104 S. W. Rep., 901; Cleavenger v. State, 43 Texas Crim. Rep., 273, 65 S. W. Rep., 89, and cases cited in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—The appellant has appealed from a conviction under a complaint and information for unlawfully injuring certain public property, his punishment being assessed at a fine of $25.

A motion was made in the court below to quash the complaint because it failed to charge an offense against the law. The charging part of the information is as follows: "Did then and there unlawfully injure certain public property, to wit: a building and privy then and there pertaining to a certain public building, to wit: the Colorado High School Building." The second count being, "Did then and there unlawfully injure certain public property, to wit: a building and privy then and there pertaining to the grounds, belonging to a certain Public Building, to wit: The Colorado High School Building." This prosecution is had under the provisions of article 504, White's Penal Code, which provides: "If any person shall take, remove, injure or destroy any species of public property pertaining to any public building, as defined in article 500, or to the grounds belonging to such building, he shall be fined," etc. Article 500 reads as follows: "The term 'public building,' as used in the preceding article means the capitol and all other buildings in the capitol grounds

at the seat of government, including the general land office and the executive mansion, the various State asylums and all buildings belonging to either, all college or university buildings erected by the State, all courthouses and jails and all other buildings held for public use by any department or branch of government, State, county or municipal," etc. Appellant made a motion to quash the information in this case because it failed and omitted to state that such building was held for public use. Where the building is one not specifically named in article 500 the indictment must allege that such building was held for public use. The only allegation in this case is that the building was the Colorado High School Building; it not being denominated in the statute as a public building, the pleader must allege that the same was held for public use. It is alleged that the building injured pertained to a public building. Therefore, it has reference to the public building as described by article 500 and the pleader should have stated that the injury was to a building pertaining to the Colorado High School Building, which was then and there held for public use. The failure to so allege makes the information invalid. See Brown v. State, 16 Texas Crim. App., 245; Pratt v. State, 19 Texas Crim. App., 276, and Clark v. State, 23 Texas Crim. App., 260.

The judgment of the lower court is therefore reversed and the cause dismissed.

*Reversed and dismissed.*